# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONNIE RYDELL LITTLE,               )
                                    )
                Petitioner,         )
                                    )       1:04CV1048
        v.                          )
                                    )
SHERWOOD McCABE, Admin.,            )
Harnett Correctional Inst.,         )
                                    )
                Respondent.         )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Respondent's Motion For Summary Judgment (docket no. 4). Petitioner has responded in opposition to the motion, and in this posture the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

Petitioner is a state court prisoner who, so far as the record before the court shows, began serving prison sentences at least in April 1996 when he was sentenced in the Superior Court of Montgomery County to a term of 13 to 16 months for common law robbery.[1] Then in May 1996 Petitioner was sentenced in the Superior Court of Randolph County to a consolidated term of 96 - 125 months on his guilty pleas to armed robbery and second-degree kidnaping charges (sentence was

---

[1] Apparently Petitioner was already serving prison time when the Montgomery County sentence was imposed because his plea agreement provided that the 13 to 16 month sentence would "run concurrently with sentences he is now serving."

amended in August 1996 to provide for two sentences, one for 37 - 54 months on kidnaping and one for 16 -20 months on common law robbery). Then in May 1997 Petitioner was sentenced in the Superior Court of Moore County to terms of 23 - 28 months and 47 - 66 months on his guilty pleas to common law robbery and kidnaping charges (these sentences were made to run consecutively to each other). Then in March 1998 Petitioner was sentenced to two terms of 120 - 153 months on his guilty pleas to armed robbery and kidnaping charges in the Superior Court of Richmond County, the two terms to run consecutively to each other but concurrently with other sentences Petitioner was then serving. It was the express provision of this last plea agreement that these consecutive sentences were "to dispose of all pending charges in Richmond, Anson, & [Stanly] County. All pending cases not addressed in the above agreement are to be dismissed."

Again, so far as the record before the court shows, Petitioner did not appeal any of the sentences and he did not seek state post-conviction relief until his first Motion For Appropriate Relief (MAR) was filed in the Richmond County Superior Court on April 23, 2003. After this first MAR was denied in the superior court, Petitioner sought certiorari in the North Carolina Court of Appeals but his petition was denied. Thereafter, Petitioner continued to file what he denominated as writs of mandamus in the superior court and when these filings were denied, he sought review in the court of appeals or the North Carolina Supreme Court and review was likewise denied. It is unnecessary to set out all the particulars of Petitioner's efforts

2

at seeking post-conviction review in the state courts because it is plain to see that the federal habeas statute of limitations had expired long before Petitioner first sought state post-conviction review. Because Petitioner's federal habeas petition is time-barred, the summary judgment motion should be granted.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, Title 28 U.S.C. § 2244(d)(1), a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitations period is tolled while a properly filed state post-conviction proceeding is pending, *see* 28 U.S.C. § 2244(d)(2); and can be tolled to ensure equity in the "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001).

3

Nevertheless, motions or petitions filed in the state court after the federal habeas statute of limitations has run cannot serve to revive that already-expired limitations period. *See Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000) (federal habeas claim was time-barred when more than one year had elapsed from date of conviction until the petitioner filed his § 2254 petition).

Here, Petitioner was convicted and sentenced on his several guilty pleas over the time from April 1996 until March 19, 1998, and he did not appeal any of the sentences. Petitioner's latest conviction was final no later than 10 days after he pled guilty. *See* N.C. R. App. P., Rule 4(a) (10 days to file notice of appeal amended to allow 14 days effective October 31, 2001). Because Petitioner did not file a notice of appeal within the required time period, however, his latest conviction became final for purposes of direct review on March 29, 1998, and his one-year period of limitation under the AEDPA began to run on that date. 28 U.S.C. § 2244(d)(1). Petitioner, therefore, had until March 29, 1999, to file his federal habeas petition. Petitioner did not file his federal habeas petition until November 9, 2004 (dated October 20, 2004). As noted, after his latest conviction, Petitioner filed numerous state court motions, styled either as MARs or writs of mandamus, all of which were denied. None of the state court post-conviction motions were filed, however, before the AEDPA one-year statute of limitations ran on March 29, 1999. Thus, Petitioner's post-conviction motions did not serve to revive the already expired statute of limitations, and Petitioner has not asserted any grounds for equitable tolling. *See Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000). Thus, Petitioner's claim is time-barred.

4

Petitioner seems to assert that he is not time-barred in the federal court because, by operation of the state post-conviction procedure when he began serving his sentences, he was allowed to bring a challenge to his convictions "anytime" and "without limitation." *See* Supporting Brief, p. 3 (docket no. 8). Be that as it may as to *state* post-conviction motions, with the effective date of the AEDPA, however, a prisoner had only one year from the date his conviction became final to file a *federal* petition. *Brown v. Angelone*, 150 F.3d 370, 371, 372 (4th Cir. 1998). Petitioner may not extend the federal limitations period by waiting to file his state court motion at his leisure.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment (docket no. 4) be **GRANTED** and that Petitioner's habeas petition be **DISMISSED** as time-barred.

_____
Wallace W. Dixon
United States Magistrate Judge

March 24, 2005

5